## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**SAUL EWING LLP**                           *Attorneys for Plaintiff*
Elizabeth U. Witmer, Esq. (55808)           *Transcontinental Gas*
Andrew T. Bockis, Esq. (202893)             *Pipe Line Company, LLC*
Sean T. O'Neill, Esq. (322703)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087

---

TRANSCONTINENTAL GAS PIPE          :
LINE COMPANY, LLC                  :
2800 Post Oak Boulevard            :
Houston, TX 77251                  :
                                   :
                                   :   CIVIL ACTION – LAW
                     Plaintiff,    :   Docket No. _____
                                   :
        v.                         :
                                   :
PENNSYLVANIA ENVIRONMENTAL         :
HEARING BOARD                      :
Rachel Carson State Office Building :
Second Floor                       :
400 Market Street                  :
Harrisburg, PA 17105;              :
                                   :
STEVEN C. BECKMAN                  :
Rachel Carson State Office Building :
Second Floor                       :
400 Market Street                  :
Harrisburg, PA 17105;              :
                                   :
BERNARD A. LABUSKES, JR.           :
Rachel Carson State Office Building :
Second Floor                       :
400 Market Street                  :
Harrisburg, PA 17105;              :
                                   :
                                   :
                                   :
                                   :

---

MICHELLE A. COLEMAN                          :
Rachel Carson State Office Building          :
Second Floor                                 :
400 Market Street                            :
Harrisburg, PA 17105;                        :
                                             :
SARAH L. CLARK                               :
Rachel Carson State Office Building          :
Second Floor                                 :
400 Market Street                            :
Harrisburg, PA 17105;                        :
                                             :
CITIZENS FOR PENNSYLVANIA'S                  :
FUTURE                                       :
1429 Walnut Street, Suite 701                :
Philadelphia, PA 19102;                      :
                                             :
DELAWARE RIVERKEEPER                         :
NETWORK                                      :
925 Canal Street, Suite 3701                 :
Bristol, PA 19007                            :
                                             :
MAYA K. VAN ROSSUM                           :
925 Canal Street, Suite 3701                 :
Bristol, PA 19007                            :
                                             :
                        Defendants.          :

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco") asserts

the following claims against defendants, the Pennsylvania Environmental Hearing

Board, Steven C. Beckman, Bernard A. Labuskes, Jr., Michelle A. Coleman, Sarah L.

Clark (collectively, the "EHB"), and Citizens for Pennsylvania's Future ("Penn

Future"), the Delaware Riverkeeper Network ("DRN"), and Maya K. van Rossum,

the Delaware Riverkeeper (collectively, Penn Future, DRN, and Ms. Van Rossum are referred to as the "EHB Appellants").  Transco seeks a declaration and injunctive relief:

(1) declaring the "original and exclusive jurisdiction" of the United States Court of Appeals for the Third Circuit under the Natural Gas Act (the "NGA") over appeals of "the review of an order or action of a . . . State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit, license, concurrence, or approval (hereinafter collectively referred to as 'permit') required under Federal law" for the Regional Energy Access Expansion Project, FERC Docket Nos. CP21-94-000 and CP 21-94-001 (the "REAE" or "the Project"), and particularly Erosion and Sediment Control Permit No. ESG830021002-00, Water Obstruction and Encroachment Permit No. E4083221-006, and Water Obstruction and Encroachment Permit No. E4583221-002 (together, the "REAE Permits")[1] which are federal authorizations issued by the Pennsylvania Department of Environmental Protection (the "PADEP"), a state administrative agency acting pursuant to Federal law;

(2) preventing the EHB from maintaining jurisdiction, conducting a hearing, or rendering a decision on the appeals of the REAE Permits at EHB Docket No. 2023-026-L, which could interfere with the Project; and

---

[1]    True and correct copies of the REAE Permits are attached hereto as Exhibit A.

(3) preventing the EHB Appellants from seeking any other relief before the EHB, particularly any relief that that is designed to interfere with the exclusive jurisdiction of the Federal Energy Regulatory Commission (the "FERC") or the Third Circuit Court of Appeals and/or to interfere with the REAE Permits and any construction activities authorized by FERC subject to the REAE Permits.

As the Third Circuit has repeatedly recognized, the NGA occupies the field of regulating interstate natural gas pipeline authorization, construction and operation and expressly grants original and exclusive jurisdiction only to the United States Court of Appeals in which an NGA facility is located for "any civil action for the review of an order or action of a … State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit, license, concurrence, or approval (hereinafter collectively referred to as "permit") required under Federal law…." 15 U.S.C. § 717r(d)(1).

The appeal of the REAE Permits by the EHB Appellants to the EHB, and not to the Third Circuit, at EHB Docket No. 2023-026-L (the "EHB Appeal")[2] contravenes the NGA, and allowing such an appeal to proceed is contrary to the decisions of the Third Circuit. Further, "the need to participate in a state regulatory process in conflict with federal policy has been recognized as a hardship." *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 342, 346 (3d Cir. 2001).

---

[2]     A true and correct copy of the EHB Appeal is attached hereto as Exhibit B.

Given FERC's jurisdiction over the authorization, construction and operation of the Project, including the authorization to construct the Project, and the Third Circuit's original and exclusive jurisdiction over the review of the REAE Permits, any relief sought by the EHB Appellants from the EHB is contrary to the express provisions of the NGA, and is preempted by federal law.

In support of the Complaint, Transco avers as follows:

## **INTRODUCTION**

1.     Transco is a "natural gas company," as that term is defined under the Natural Gas Act (the "NGA"). 15 U.S.C. § 717a.

2.     FERC issued an Order Issuing Certificate and Approving Abandonment, which is a certificate of public convenience and necessity for the Project, to Transco on January 11, 2023. *Transcon. Gas Pipeline Co., LLC,* 182 FERC ¶ 61,006 (2023) (the "Certificate Order").

3.     The Certificate Order authorizes Transco to construct and operate the Project, subject to receipt of authorization from FERC to begin such activities, which are called Notices to Proceed.

4.     One of the federal authorizations which Transco is required to obtain for the Project under the Clean Water Act is a Water Quality Certification under

Section 401 ("401 WQC"), 33 U.S.C. § 1341,[3] which contained conditions requiring Transco to obtain the REAE Permits. *See,* 401 WQC, Conditions 2 and 3.

5.     Transco obtained the REAE Permits for the Project as part of its federal authorizations. FERC, as the "lead agency for the purposes of coordinating all applicable Federal authorizations," issued the Certificate Order, which was conditioned upon Transco obtaining federal authorizations, including the REAE Permits. 15 U.S.C. § 717n(b)(1); Certificate Order, Ordering Paragraph (C)(3), Environmental Conditions 10, 13.

6.     The NGA provides that:

> The United States Court of Appeals for the circuit in which a facility subject to section 717b of this title or section 717f of this title is proposed to be constructed, expanded, or operated shall have original and exclusive jurisdiction over any civil action for the review of an order or action of a . . . State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit, license, concurrence, or approval (hereinafter collectively referred to as "permit") required under Federal law, other than the Coastal Zone Management Act of 1972 (16 U.S.C. 1451 *et seq.*).

15 U.S.C. § 717r(d)(1).

---

[3]     A true and correct copy of the 401 WQC is attached hereto as Exhibit C

7.      The United States Court of Appeals for the Third Circuit has held *five times* that it has original and exclusive jurisdiction over the review of PADEP-issued permits associated with FERC-regulated pipelines.[4]

8.      Here, the EHB Appellants filed appeals challenging the REAE Permits with the EHB, not the Third Circuit.

9.      The Third Circuit has rejected the argument that EHB review is necessary before a PADEP permitting decision is a final agency action ripe for review. *Del. Riverkeeper III*, 903 F.3d at 74-75 ("Whether state law permits further review by the same agency that makes the initial decision or provides for an appeal to a structurally-separate body is probative of whether that decision is final." "[PADEP's] action presents all the 'traditional hallmarks of final agency action,' and we have exclusive jurisdiction to hear any 'civil action for the review' of such a decision.") (internal quotations omitted).

10.     While Pennsylvania's intermediate appellate court, the Commonwealth Court, held in an appeal of the dismissal by the EHB of a Clean Air Act permit

---

[4]      *See Del. Riverkeeper Network v. Sec'y Pa. Dept. of Envtl. Prot.,* 783 F. App'x 124 (3d Cir. August 15, 2019) ("*Del. Riverkeeper V*"); *Delaware Riverkeeper Network v. Sec'y Pennsylvania Dep't of Envtl. Prot.*, 751 F. App'x 169 (3d Cir. 2018) ("*Del. Riverkeeper IV*"); *Delaware Riverkeeper Network v. Sec'y Pennsylvania Dep't of Env't Prot.*, 903 F.3d 65 (3d Cir. 2018) ("*Del. Riverkeeper III*"), *cert. denied*, 139 S. Ct. 1648 (2019); *Delaware Riverkeeper Network v. Sec'y Pennsylvania Dep't of Env't Prot.*, 870 F.3d 171 (3d Cir. 2017) ("*Del. Riverkeeper II*"); *Delaware Riverkeeper Network v. Sec'y Pennsylvania Dep't of Env't Prot.*, 833 F.3d 360 (3d. Cir. 2016) ("*Del. Riverkeeper I*").

appeal in another case involving an NGA project that both the EHB and the Third Circuit had jurisdiction over the appeal of that permit, that case is not binding in this Court. *Cole v. Pennsylvania Dep't of Env't Prot.,* 257 A.3d 805, 820-21 (Pa. Commw. Ct. 2021).

11.    The *Cole* case is the subject of Petitions for Allowance of Appeal to Pennsylvania's Supreme Court, *see* Pa. Supreme Court Docket Nos. 415 MAL 2021 and 312 EAL 2021, and the Third Circuit recently held that it would not enjoin the EHB proceedings at issue there because the pipeline operator in that case did not seek federal relief prior to the issuance of the Commonwealth Court opinion, which was therefore subject to full faith and credit. *Adelphia Gateway, LLC v. Pennsylvania Env't Hearing Bd.*, -- F.4th -- , No. 21-3356, 2023 WL 2487270, at *3 (3d Cir. Mar. 14, 2023). This is one of the reasons that the Plaintiff here seeks relief now.

12.    The Commonwealth Court's decision is inconsistent with controlling Third Circuit precedent involving PADEP permitting decisions associated with interstate natural gas pipelines:

> Congress intended state actions taken pursuant to . . . the Clean Water Act and the Clean Air Act . . . to be subject to review by the Courts of Appeals. This interpretation is supported by the legislative history of the bill amending [15 U.S.C. § 717r(d)], which indicates that the purpose of the provision is to streamline the review of state decisions taken under federally-delegated authority. Thus, a state action taken pursuant to the Clean Water Act or Clean Air

> Act is subject to review exclusively in the Courts of
> Appeals. To bar this Court's review of PADEP's actions
> in permitting an interstate natural gas facility pursuant to
> the Natural Gas Act and the Clean Water Act would
> frustrate the purpose of Congress's grant of jurisdiction ....

*Del. Riverkeeper I*, 833 F.3d at 372.

13.     Because any challenge to an EHB decision would result in an appeal from a state agency (the EHB) which did not (and cannot) issue permits required under Federal law, the EHB proceeding cannot proceed under the NGA and the exclusive process set forth by Congress in § 717r of the NGA.

14.     Transco therefore asks the Court for a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the Third Circuit has original and exclusive jurisdiction to hear any appeal of the REAE Permits and that the EHB may not take any further action in connection with the REAE Permits.

15.     Further, and in the alternative, the EHB proceeding is a state administrative proceeding preempted by the NGA.

16.     Transco therefore also asks the Court for a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the NGA preempts any authority or jurisdiction of the EHB to take any further action in connection with the REAE Permits.

17.     Pursuant to Federal Rule of Civil Procedure 65, Transco further asks the Court to enjoin the EHB from exercising jurisdiction, conducting a hearing, or rendering a decision over the EHB appeals filed by the EHB Appellants which would

circumvent the exclusive jurisdiction provision of the NGA and delay the Project (a federally-approved interstate natural gas transmission project), encroach on an area exclusively regulated by federal law, and/or interfere with the validity and continuing effectiveness of the REAE Permits.

18.    Pursuant to Federal Rule of Civil Procedure 65, Transco further asks the Court to enjoin the EHB Appellants from seeking any other relief before the EHB, particularly relief that is designed to interfere with the REAE Permits, or with the exclusive jurisdiction of the Third Circuit or FERC with respect to the Project, and specifically with respect to any authorization by FERC to construct the Project.

## **PARTIES**

19.    Plaintiff, Transco, is a Delaware limited liability company with a principal place of business at 2800 Post Oak Boulevard, Houston, TX 77251.

20.    Defendant, Pennsylvania Environmental Hearing Board, is a statutorily established board of statewide jurisdiction that hears appeals from actions taken by the Pennsylvania Department of Environmental Protection. The EHB has a central office located at 400 Market Street, Harrisburg, PA 17105.

21.    Defendants Steven C. Beckman, Bernard A. Labuskes, Jr., Michelle A. Coleman, and Sarah L. Clark are judges on the EHB, which has a central office located at 400 Market Street, Harrisburg, PA  17105.  Upon information and belief, they are

citizens of the Commonwealth of Pennsylvania. They are sued here in their official capacities, not as individuals.

22.    Defendant Penn Future has an address at 1429 Walnut Street, Suite 701, Philadelphia PA 19102.

23.    Defendant DRN, together with the Delaware Riverkeeper, Maya van Rossum, has an address at 925 Canal Road, Suite 3701, Bristol, PA 19007.

## JURISDICTION AND VENUE

24.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the causes of action arise under the Constitution and laws of the United States, including, but not limited to, the Supremacy Clause, U.S. Const. Art VI, cl. 2, the Commerce Clause, U.S. Const. Art I, Section 8, cl. 3, the Natural Gas Act, 15 U.S.C. § 717 *et. seq.*, and the doctrine of *Ex parte Young*, 209 U.S. 123 (1908).

25.    This Court has personal jurisdiction over each of the Defendants because all of the Defendants are residents of Pennsylvania and/or have their principal place of business in Pennsylvania.

26.    This Court is empowered to provide declaratory and injunctive relief in this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Federal Rules of Civil Procedure 57 and 65.

27.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as one or more Defendants is located in this District and all Defendants reside in Pennsylvania and a substantial part of the claims giving rise to this action occurred in this District.

## BACKGROUND AND NATURE OF THE ACTION

### A.     The REAE Project

28.     On January 11, 2023, the Commission issued Transco the Certificate Order permitting Transco to construct and operate the Project, which will provide 829,400 dekatherms per day of incremental firm transportation service to committed shippers, and to abandon and upgrade certain compression facilities. Certificate Order ¶ 1.

29.     The Project includes: construction of approximately 36 miles of 30- and 42-inch diameter pipeline loop and horsepower addition to an existing compressor station in Pennsylvania; construction of one new electric motor driven compressor station and horsepower addition at an existing compressor station in New Jersey; and upgrades and modifications to existing compressor stations, regulating stations, delivery meter stations, and ancillary facilities in Pennsylvania, New Jersey, and Maryland. Certificate Order ¶ 4.

30.     The Project supports the climate commitment of Transco, its parent company The Williams Companies, Inc., and the shippers under the Project, and

provides a practical path to reduce emissions, support the viability of renewables, and advance a clean energy economy. Certificate Order ¶ 5 n.12.

**B.      Issuance of the Certificate Order by FERC After Environmental Review**

31.     The Certificate Order was issued after a detailed environmental review process at FERC, which included public notice, public comment periods, the issuance by FERC of a Draft Environmental Impact Statement, and finally the issuance of a Final Environmental Impact Statement ("FEIS").[5] Certificate Order ¶¶ 49-51.

32.     The FEIS specifically discussed the federal authorizations required for the Project, including the REAE Permits, and addresses: geology; soils; groundwater; surface water; wetlands; aquatic resources; vegetation and wildlife (including threatened, endangered, and other special-status species); land use and visual resources; cultural resources; socioeconomics (including environmental justice); air quality and noise; greenhouse gases and climate change; reliability and safety; and alternatives. Certificate Order ¶ 51.

---

[5]     The FEIS is too lengthy to attach but can be accessed at: https://elibrary.ferc.gov/eLibrary/filedownload?fileid=2AAD9041-C905-CEAA-9663-8249F2100000

33.     The REAE Permits are required federal authorizations as a condition of the Certificate Order. Certificate Order, Ordering Paragraph (C)(3), Environmental Conditions 10, 13.

**C.     Issuance of the REAE Permits and the EHB Appeal**

34.     As described above the REAE Permits were issued by the PADEP to Transco.

35.     On March 14, 2023, the EHB Appellants filed the EHB Appeal.

36.     The EHB has not yet taken action on the EHB Appeal other than to docket it.

<u>**COUNT I – DECLARATORY RELIEF**</u>
<u>**(ENFORCEMENT OF 15 U.S.C. § 717r)**</u>

37.     Transco incorporates by reference the allegations contained in paragraphs 1 through 36 as if set forth in full herein.

38.     The EHB Appeal is contrary to the express language of § 717r(d)(1) of the NGA, which provides that the federal courts of appeals "have **original and exclusive jurisdiction** over any civil action **for the review of an order or action of a . . . State administrative agency** acting pursuant to Federal law to issue, condition, or deny any permit, license, concurrence, or approval . . . required under Federal law." 15 U.S.C. § 717r(d)(1) (emphasis added).

39.     In short, the Third Circuit has exclusive jurisdiction to review actions: (1) undertaken by a State administrative agency; (2) pursuant to federal law to issue

an approval; (3) required for an interstate natural gas facility permitted under the Natural Gas Act. *Del. Riverkeeper I*, 833 F.3d 371.

40.     All of the elements for exclusive federal appellate review are met here because PADEP is a state administrative agency which acted pursuant to federal law in issuing the REAE permits, and the REAE Permits were required by FERC for an interstate natural gas project under the NGA. *Del. Riverkeeper I*, 833 F.3d at 373 (Third Circuit has original and exclusive jurisdiction over permits required as a condition of a Section 401 Certification).

41.     If the EHB (a separate agency independent from the PADEP) were permitted to review PADEP's decision to issue the REAE Permits, there would be no avenue to appeal such a decision under the exclusive judicial review procedure in the NGA because the EHB is not the agency that issued the REAE Permits.

42.     The filing of the EHB Appeal is contrary to the NGA, giving rise to an actual, existing, and continuing controversy between the parties within the scope and meaning of 28 U.S.C. § 2201, *et seq*.

43.     The filing of the EHB Appeal which forces Transco to participate in such proceedings while pending and which could interfere with the authorizations, construction and operation of the Project is a substantial controversy between adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

44.     Transco's interest in the above-described controversy is direct, substantial, and present.

45.     Transco is entitled under 28 U.S.C. § 2201, *et seq*. to a judicial determination, declaration, and adjudication that, pursuant to the NGA, the Third Circuit has original and exclusive jurisdiction to review any appeal of the REAE Permits issued by the PADEP. Transco is further entitled to a declaration that the EHB is to take no further action in connection with the REAE Permits and is subject to being enjoined.

## <u>COUNT II – DECLARATORY RELIEF</u><br><u>(PREEMPTION)</u>

46.     Transco incorporates by reference the allegations contained in paragraphs 1 through 45 as if set forth in full herein.

47.     The EHB Appeal seeks *de novo* review of the REAE Permits and involves issues the FERC considered in its FEIS and the Certificate Order.

48.     The EHB's assertion of jurisdiction over the EHB Appeal conflicts with the Certificate Order and is preempted by the NGA, through which Congress has occupied the field of the transportation and sale of natural gas to the exclusion of state regulation, with narrow exceptions not applicable here.

49.     The narrow exceptions to that rule are set forth in 15 U.S.C. § 717b(d). While the "the Natural Gas Act preempts state environmental regulation of interstate natural gas facilities" it "allows states to participate in environmental regulation"

under the Clean Air Act, the Coastal Zone Management Act, and the Federal Water Pollution Control Act (the Clean Water Act). *Del. Riverkeeper I*, 833 F.3d at 368, 371-72; 15 U.S.C. § 717b(d).

50.    While the REAE Permits are not preempted by the NGA, the EHB's review of those permits under Pennsylvania's Environmental Hearing Board Act, 35 P.S. §§ 7511-7516, which would ordinarily permit the EHB to review PADEP actions, is preempted.

51.    Additionally, the EHB would violate the Certificate Order if it maintained jurisdiction over, and rendered a decision on, the EHB Appeal as doing so could unreasonably interfere with and delay the Project.  While the EHB's review could ultimately result in affirming PADEP's issuance of the REAE Permits, a focus "on the possible ultimate result of the [EHB] process[] does not take into account the case law that preemption may operate to spare a party from that very process." *NE Hub Partners*, 239 F.3d at 342, 346.

52.    Moreover, the EHB's assumption of jurisdiction, conducting a hearing, or rendering a decision on the EHB Appeal all conflict with the Congressional objectives set forth in the NGA, in violation of the Supremacy Clause of the United States Constitution. Such actions by the EHB would also violate the Commerce Clause of the United States Constitution, as an improper regulation of facilities used for the transportation of natural gas in interstate commerce.

53.     The EHB Appeal forces Transco to participate in proceedings before the EHB (and potential state appellate court processes) that are contrary to federal law and existing Third Circuit precedent giving rise to an actual, existing, and continuing controversy between the parties within the scope and meaning of 28 U.S.C. § 2201, *et seq*.

54.     The EHB Appeal could potentially interfere with construction of the Project once authorized by FERC, and is a substantial controversy between adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

55.     Transco's interest in the above-described controversy is direct, substantial, and present.

56.     Transco is entitled under 28 U.S.C. § 2201, *et seq*. to a judicial determination, declaration, and adjudication that federal law preempts any authority or jurisdiction of the EHB to take any further action in connection with the REAE Permits and is subject to being enjoined.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff Transco respectfully requests that this Court:

(a)     Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 determining and declaring that the Third Circuit has original and

exclusive jurisdiction pursuant to 15 U.S.C. § 717r(d)(1) to review the issuance of the REAE Permits by the PADEP;

(b)   Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 determining and declaring that the EHB proceedings at EHB Docket No. 2023-026-L are preempted by federal law and that the EHB is without authority to assert and maintain jurisdiction over the proceedings;

(c)   Because time is of the essence and because without resolution, Transco will be forced to participate in a state regulatory proceeding (and potential state appellate court process) that is in conflict with the NGA and could prevent Transco from constructing its FERC-approved facilities, Transco requests a speedy hearing of this declaratory judgment action under Fed. R. Civ. P. 57;

(d)   Enjoin the EHB from maintaining jurisdiction, conducting a hearing, or rendering a decision on the EHB Appeal;

(e)   Enjoin the EHB Appellants from seeking any other relief before the EHB, particularly any relief that is designed to interfere with the exclusive jurisdiction of the FERC to authorize the Project, Project

construction, and Project authorization, or the Third Circuit, and/or to interfere with the REAE Permits; and

(f)   Award Transco damages, attorneys' fees, costs, and such other relief as may be lawful and proper.

Respectfully submitted,

**SAUL EWING LLP**

 s/ Elizabeth U. Witmer
Elizabeth U. Witmer, Esq. (55808)
Andrew T. Bockis, Esq. (202893)
Sean T. O'Neill (205595)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087
elizabeth.witmer@saul.com (610) 251-5062
andrew.bockis@saul.com (717) 257-7520
sean.oneill@saul.com (215) 972-7159

*Attorneys for Plaintiff*
*Transcontinental Gas Pipe Line Company,*
*LLC*

Dated: March 16, 2023

## **VERIFICATION**

I, Su-Lin Jaaskelainen, verify that I am authorized to make this Verification

on behalf of Transcontinental Gas Pipe Line Company, LLC, and that the facts set

forth in the foregoing Complaint for Declaratory and Injunctive Relief are true and

correct to the best of my knowledge, information and belief. I understand that I am

making this Verification subject to the penalties of 28 U.S.C. § 1746 relating to

unsworn falsification to authorities. I verify under penalty of perjury under the

laws of the United States of America that the foregoing is true and correct.

_____
Su-Lin Jaaskelainen

Date: March 16, 2023

41317022.1